UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KEITH McKINNEY,

                Petitioner,

   v.                                                    9:24-CV-0976
                                                          (MAD)

MARK MILLER, Superintendent,

                Respondent.

---

APPEARANCES:                                                 OF COUNSEL:

KEITH McKINNEY
Petitioner, pro se
02-B-0583
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

MAE A. D'AGOSTINO
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner Keith McKinney seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Exhibits ("Ex.").[1]  On August 9, 2024, the case was administratively closed due to petitioner's failure to properly commence it.  Dkt. No. 2, Administrative Order.  Petitioner was given thirty (30) days to either (1) pay the statutory filing fee or (2) submit a properly certified application to proceed in forma pauperis ("IFP").  *Id.* at 2.[2]

---

[1] Citations to petitioner's submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.
[2] The statutory filing fee for a federal habeas corpus action is $5.00.  28 U.S.C. § 1914(a).

Petitioner timely remitted the statutory filing fee, and the case was restored to the Court's active docket. Dkt. No. 3, Letter (enclosing filing fee); Dkt. Entry dated 08/22/24 (memorializing receipt information from filing fee transaction); Dkt. No. 4, Text Order (reopening case). For the reasons which follow, petitioner is directed to file an affirmation with the Court explaining why this case should not be dismissed as time barred.

## II.   PETITION

Petitioner challenges his 2002 judgment of conviction, upon a guilty verdict, from Montgomery County Court for Second-Degree Murder. Pet. at 1-2; *see also* Ex. at 11-43 (transcript of plea hearing); Ex. at 44-62 (transcript of sentencing). Petitioner did not directly appeal his judgment of conviction. Pet. at 2; *see also* Ex. at 76.

Petitioner has filed several motions to vacate his conviction, pursuant to New York State Criminal Procedure Law § 440.10 ("440 motion"); however, the full picture of the procedural history of each motion and resulting appeals is, at best, unclear.

The first 440 motion, arguing that petitioner's plea was involuntary and his counsel constitutionally ineffective, was denied by the Montgomery County Court in an Amended Decision and Order dated June 9, 2008. Ex. at 83-85 (Amended Decision and Order); *see also id.* at 75. Petitioner does not provide any information about when the motion was filed and if its denial was challenged in an appeal.

On February 5, 2013, the Montgomery County Court issued a Decision and Order denying petitioner's second 440 motion because petitioner's claims could have been brought in his first 440 motion or on direct appeal, and, moreover, petitioner's waiver of appeal precluded review of petitioner's 440 motion. Ex. 89-90 (Decision and Order); s*ee also id.* at

2

76.  Petitioner again did not provide any information about when the motion was filed and if its denial was challenged in an appeal.

The next motion was denied on January 8, 2021, when the Montgomery County Court held that "the issues raised in th[e] third motion were either raised and denied in the earlier [440] motions or the [petitioner w]as then in a position to adequately raise the ground or issue underlying the present [440] motion but did not do so."  Ex. at 76.  Further, the plea transcript "was sufficient to have permitted review of the issues raised by [petitioner] on direct appeal and, thus, the sufficiency of the allocution cannot be reviewed in a . . . 440[] proceeding."  *Id.*  Petitioner did not provide any information about when the motion was filed and if its denial was challenged in an appeal.

The final motion was filed in December of 2023, and argued that petitioner was entitled to relief because his plea and sentence were invalid and unlawful, as well as his counsel being constitutionally ineffective.  Ex. at 2-10, 76-77.  On January 10, 2024, the Montgomery County Court denied the motion.  *Id.* at 99-105.  Petitioner sought leave to appeal, and the New York State Appellate Division, Third Department, denied the application on April 29, 2024.  *Id.* at 107.  Petitioner then authored a letter to the New York State Court of Appeals, seeking judicial relief from the fourth 440 motion's denial, and the Court of Appeals informed petitioner "that the order to which you refer is not appealable to this Court.  *Id.* at 109.  Petitioner still filed an application for leave to appeal, *id.* at 111-12; however, petitioner reports that the application is still pending, Pet. at 6.

Petitioner argues that he is entitled to federal habeas relief because he was denied effective assistance of counsel at the plea and sentencing hearings, thus rendering his plea

3

unknowing, unintelligent, and involuntary. Pet. at 5-6. For a complete statement of petitioner's claims, reference is made to the Petition and attached exhibits.

III.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012). Specifically, that is when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *See Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).[3]

Petitioner was sentenced on January 28, 2002. Pet. at 1; Ex. at 44. Petitioner explicitly states that he did not file a direct appeal. Pet. at 2-3. Because petitioner did not file a direct appeal, his conviction became "final" thirty days later, on February 27, 2002, when the time in which he could have sought appellate review of his conviction in state court expired. *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (per curiam) (explaining that the one-year statute of limitations began to run when the petitioner's time for filing a notice of appeal from the judgment of conviction expired); *Vaughan v. Lape*, No. 9:05-CV-

---

[3] Other dates from which the limitations period may start running are: (1) the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed; (2) the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable; or (3) the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). *See* 28 U.S.C. § 2244(d)(1)(B)-(D). However, none of these alternate accrual dates apply to the instant action.

1323 (DNH), 2007 WL 2042471, *4 (N.D.N.Y. July 12, 2007) ("In New York, a defendant has thirty days after the 'imposition of the sentence' to notify the court that he will appeal.") (quoting CPL § 460.10(1)(a)).  Petitioner had one year from that date, or until February 27, 2003, to timely file his federal habeas petition.  The present petition, placed in the prison mailing system on July 19, 2024, was filed over 21 years beyond the expiration of the statutory limitations period.[4]

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548.  The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken.  *Saunders*, 587 F.3d at 548; *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam).  The tolling provision "does not reset the date from which the one-year statute of limitations begins to run."  *Smith*, 208 F.2d at 17.

While it is unclear whether petitioner's first three 440 motions were filed in such a manner to invoke statutory tolling, it is clear any benefits of such tolling would cease between petitioner's third and fourth 440 motion.  Even assuming petitioner had the full one-year period remaining on the statutory limitations period when he filed his third 440 motion, petitioner indicates that the motion was denied on or about January 8, 2021.  Petitioner did not indicate that any appeal followed the county court's decision, and, presuming that no appeal occurred, the 440 motion's denial signaled the end of any statutory tolling.

---

[4] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing.  *Houston v. Lack*, 487 U.S. 266, 270 (1988).

The limitations period would then begin running again.  Accordingly, petitioner would have one year from that date, or until January of 2022, to either timely file the instant action or commence another state court challenge to invoke statutory tolling.  However, petitioner's last 440 motion was not filed until December of 2023, almost two years beyond the expiration of the limitations period.  Consequently, even if the first three 440 motions entitled petitioner to statutory tolling, the fourth one did not because a 440 motion cannot serve to "revive [an] expired statute of limitations."  *Gillard v. Sticht*, No. 9:16-CV-0513 (MAD), 2017 WL 318848, at *3 (N.D.N.Y. Jan. 23, 2017) (citations omitted); *accord, Roberts v. Artus*, No. 1:16-CV-2055, 2016 WL 2727112, at *2 (E.D.N.Y. May 5, 2016) ("If the 440 motion was filed after the one-year statute of limitations period expired, it cannot be counted for purposes of statutory tolling.").

Further, the AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases."  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008).  Additionally, courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence.  *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).  However, a petitioner's lack of legal knowledge does not constitute extraordinary circumstances preventing him or her from filing a timely petition.  *Jenkins v. Greene,* 630 F.3d 298, 305 (2d Cir. 2010); *see Smith,* 208 F.3d at 18 (noting that a petitioner's pro se status does not establish sufficient ground for equitable tolling).

In this case, nothing in the petition indicates that petitioner is attempting to invoke any sort of equitable tolling or equitable exception.  Thus, it does not appear that any equitable considerations would save the petition from being time-barred.

The Supreme Court has held that the district court may raise the statute of limitations issue sua sponte, but before the court may dismiss the petition sua sponte on that basis, the petitioner is entitled to notice and an opportunity to be heard regarding the timeliness issue. *Day v. McDonough*, 547 U.S. 198, 209-11 (2006).  Accordingly, petitioner is given leave to file a written affirmation **within thirty (30) days** of the filing date of this Decision and Order that explains why the statute of limitations should not bar his petition.  The affirmation shall not exceed fifteen (15) pages in length.  If petitioner fails to comply with this order, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

## IV.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner may file a written affirmation, **within thirty (30) days** of the filing date of this Decision and Order, explaining why the statute of limitations should not bar this petition.  The affirmation shall not exceed fifteen (15) pages in length.  Petitioner should state the date(s) upon which he filed any state court applications for relief, including the name and location of the court(s) in which he filed each application, and the date(s) upon which the application(s) were denied.  **If petitioner is asking the court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above.  If petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so.**  No answer to the petition will be required from the respondent until petitioner has

submitted the required affirmation and the Court has had the opportunity to review his arguments; and it is further

**ORDERED** that upon petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the court for review; and it is further

**ORDERED** that if petitioner fails to submit the required affirmation, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d) with no further order from the Court; and it is further;

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 9, 2024
       Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge